**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOVO NORDISK A/S, *et al.*,

                Plaintiffs,

    v.

LIFERXMD,

                Defendant.

Civil Action No. 24-9018 (MAS) (JBD)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendant Liferxmd's ("Defendant") Motion to Dismiss (ECF No. 22) Plaintiffs Novo Nordisk A/S and Novo Nordisk Inc.'s (collectively, "Novo Nordisk" or "Plaintiffs") Complaint (ECF No. 1). Plaintiffs opposed (ECF No. 30), and Defendant replied (ECF No. 34).[1] The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons outlined below, the Court denies Defendant's Motion to Dismiss.

**I.    BACKGROUND**[2]

    Novo Nordisk is a pharmaceutical company that manufactures three Food and Drug Administration ("FDA") approved medications for the treatment of diabetes or chronic weight

---

[1] The parties further submitted notices of supplemental authority for the Court's consideration. (*See* ECF Nos. 33, 35, 36.)

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

management: (1) Ozempic; (2) Wegovy; and (3) Rybelsus.[3] (Compl. ¶¶ 1-3.) Each of these drugs is prescription-only and contains semaglutide as its primary ingredient. (*Id.* ¶ 2.) The FDA has not authorized any generic versions of semaglutide-based drugs, and Novo Nordisk is currently the only company in the United States that manufactures FDA-approved medications containing semaglutide. (*Id.* ¶ 3.) Novo Nordisk is likewise the only company authorized to market its semaglutide products under the trademarks Ozempic®, Wegovy®, and Rybelsus®. (*Id.*)

While no generic versions of semaglutide medicines have been approved by the FDA, certain companies have created "compounded drugs" that purportedly contain semaglutide as an active ingredient.[4] (*See id.* ¶¶ 20-25.) Compounded drugs, however, are not FDA-approved, and are not evaluated by the FDA for their safety, effectiveness, or quality. (*Id.* ¶ 23.) As of June 30, 2024, the FDA had catalogued at least 542 adverse events associated with compounded semaglutide. (*Id.* ¶ 25.) Of those, 388 events were classified as "serious," including reported hospitalizations and fatalities. (*Id.*) The FDA has issued warning letters to companies purporting to sell products with the "[s]ame active ingredient as Ozempic, Rybelsus, and Wegovy," noting

---

[3] Specifically, Ozempic and Rybelsus are indicated for type 2 diabetes, and Wegovy is indicated for chronic weight management. (Compl. ¶ 2.)

[4] Compounding is a process by which a pharmacist or other medical professional alters a medication to meet a patient's specific needs, for example, by combining or mixing the medication with other ingredients. (Compl. ¶ 22.)

that Ozempic and Wegovy are the only injectable semaglutide products approved for use in the U.S. market.[5] (*Id.* ¶ 3.)

Defendant is a business that purports to sell compounded semaglutide for weight loss. (*Id.* ¶¶ 5, 45, 57.) Defendant states in its marketing materials that it offers semaglutide, which is "FDA-approved and safe to use with supplements [and] medications." (*Id.* ¶ 35.) Defendant also references Novo Nordisk's products in its advertising, for example, by stating that "[s]emaglutide is a medication available in brand names like Ozempic (diabetes treatment) and Wegovy (obesity treatment)." (*Id.* ¶ 41; *see also id.* ¶ 36 (stating that semaglutide is available "under the brand name Wegovy"); *id.* ¶ 41 (stating its products contain the same "[a]ctive ingredient in Ozempic® and Wegovy®"); *id.* ¶ 40 ("[D]iscover what GLP-1 is and how it plays a crucial role in regulating blood sugar levels and weight loss! . . . #ozempic[.]").)

Novo Nordisk alleges that Defendant's representations are false and misleading because there is no generic version of semaglutide that is yet FDA-approved, and Defendant's claims "falsely equate" its compounded semaglutide products with Novo Nordisk's FDA-approved medications. (*Id.* ¶¶ 3, 38-39.) Novo Nordisk alleges that Defendant's conduct is "likely to confuse and deceive patients into mistakenly believing that they are purchasing authentic Novo Nordisk medicines or medicines that have been evaluated by the FDA, studied in clinical trials, and deemed safe and effective." (*Id.* ¶ 6.)

---

[5] The FDA has also issued guidance on "Medications Containing Semaglutide Marketed for Type 2 Diabetes or Weight Loss," which provides that: (1) "compounded drugs are not FDA-approved or evaluated for safety and effectiveness"; and (2) "[The] FDA has received adverse event reports after patients used compounded semaglutide. Patients should not use a compounded drug if an approved drug is available to treat a patient. Patients and health care professionals should understand that the agency does not review compounded versions of these drugs for safety, effectiveness, or quality." (Compl. ¶ 26.)

3

Novo Nordisk asserts three causes of action against Defendant: (1) unfair competition and false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) ("Count One"); (2) unfair competition in violation of common law ("Count Two"); and (3) unfair competition in violation of N.J. Stat. Ann. § 56:4-1, *et seq.* ("Count Three"). (*See* Compl.) Defendant moves to dismiss Plaintiffs' claims. (ECF No. 22.) Defendant's motion is ripe for review.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure[6] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556

---

[6] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. DISCUSSION

Defendant moves to dismiss Plaintiffs' Complaint on three grounds: (1) Plaintiffs lack standing to bring their claims; (2) Plaintiffs' claims are preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA"); and (3) Plaintiffs fail to state a claim for false advertising or unfair competition under federal, state, or common law. (*See* Def.'s Moving Br., ECF No. 22-1.) The Court addresses each argument in turn.

#### A.   Standing

Turning first to Defendant's challenge to Plaintiffs' standing, Defendant argues that Plaintiffs lack both constitutional and statutory standing to bring their claims. (Def.'s Moving Br. 12-13.) Specifically, Defendant argues that Plaintiffs lack standing under Article III because they fail to allege an injury in fact, and that they further lack statutory standing under the Lanham Act because they fail to allege Defendant's misconduct caused a competitive injury.[7] (*Id.*) The Court disagrees.

Under Article III, a plaintiff has standing if it has: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by

---

[7] Whether a plaintiff has statutory standing to bring suit under the Lanham Act is a separate inquiry from whether the plaintiff has Article III standing. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (recognizing that a plaintiff may satisfy Article III standing requirements while still failing to establish statutory standing under the Lanham Act).

a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

The injury-in-fact element requires that the party seeking relief "be [it]self among the injured." *Lujan,* 504 U.S. at 563 (internal quotation marks omitted). At the motion to dismiss stage, however, "[t]he contours of the injury-in-fact requirement . . . are very generous, requiring only that claimant allege [ ] some specific, identifiable trifle of injury." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014) (citation and internal quotation marks omitted). Moreover, "general factual allegations of injury resulting from the defendant's conduct may suffice," because on a motion to dismiss, the court "presum[es] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561 (citation and internal quotation marks omitted).

Here, Plaintiffs plausibly allege an injury in fact sufficient to confer Article III standing. Plaintiffs allege that they manufacture and sell the only FDA-approved medicines containing semaglutide, and that Defendant falsely claims or implies that its semaglutide products are generic equivalents of Plaintiffs' medications. (Compl. ¶¶ 3, 31-39.) Plaintiffs further allege that Defendant's representations are likely to cause consumer confusion regarding the source, FDA approval status, and authenticity of Defendant's products. (*Id.* ¶¶ 6, 45-58.) The Complaint also states that Defendant's conduct improperly exploits Plaintiffs' trademarks and reputation, resulting in damage to the goodwill associated with the Ozempic® and Wegovy® marks. (*Id.* ¶¶ 61-62.)

Allegations of consumer confusion, loss of goodwill, and reputational harm are sufficient to plead an injury in fact and confer standing under Article III. *See Emerson Radio Corp. v. Emerson Quiet Kool Co. Ltd.*, No. 17-5358, 2018 WL 1169132, at *3 n.7 (D.N.J. Mar. 6, 2018) (holding that a plaintiff had Article III standing to bring Lanham Act claims where the plaintiff

alleged that it owned the marks at issue, and the defendant's use of the marks caused consumer confusion and harm to the plaintiff's reputation and goodwill); *cf. Lexmark Int'l, Inc.*, 572 U.S. at 132 (recognizing that injuries cognizable under the Lanham Act include harm to "a commercial interest in reputation or sales").

Plaintiffs' allegations likewise establish statutory standing under the Lanham Act. In *Lexmark*, the Supreme Court explained that, to fall within the statute's zone of interests, a plaintiff asserting a false advertising claim under § 43(a) must allege "an injury to a commercial interest in reputation or sales." 572 U.S. at 131-32. That test is not "especially demanding," and the benefit of the doubt favors the party alleging the cause of action. *Id.* at 130. The Court further explained that, under the principles of proximate causation, "a plaintiff suing under [the Lanham Act] ordinarily must [also] show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising," which occurs when "deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 133.

Plaintiffs satisfy both requirements of statutory standing under the Lanham Act. Plaintiffs allege reputational and goodwill-based injuries arising from Defendant's marketing of compounded semaglutide products that reference Plaintiffs' products and trademarks in a manner likely to confuse and deceive consumers. (Compl. ¶¶ 5-6, 35-40, 41, 46.) Plaintiffs further allege that Defendant's false or misleading statements concerning FDA approval and related clinical studies misrepresent the nature and characteristics of Defendant's products, thereby undermining Plaintiffs' commercial interests. (*Id.* ¶¶ 5, 35-39, 61-64.) These allegations fall squarely within the scope of § 43(a) of the Lanham Act, and are sufficient, at this stage, to plausibly allege proximate causation. *See Aventisub LLC v. Eng Sales LLC*, No. 24-4748, 2024 WL 4818176, at *6 (D.N.J. Nov. 18, 2024) (finding plaintiffs had statutory standing under the Lanham Act where plaintiffs

7

alleged "an injury to their reputation and sales" and defendant allegedly mischaracterized the nature of their goods and services). Plaintiffs therefore have established constitutional and statutory standing to pursue their claims, and Defendant's Motion to Dismiss on this basis is denied.

B. **FDCA and Preemption**

Defendant next argues that Plaintiffs' claims are preempted by the FDCA because Congress vested exclusive authority in the FDA to investigate and enforce violations of the FDCA, and the Complaint improperly seeks to "litigate the efficacy and safety of the compounded semaglutide . . . under the guise of a false advertising claim." (Def.'s Moving Br. 13-15.) The Court disagrees.

Courts have consistently held that where a defendant allegedly falsely advertises its products as FDA-approved, adjudicating a false advertising claim in that context "does not run the risk of encroaching upon FDA jurisdiction." *G&W Lab'ys, Inc. v. Laser Pharms., LLC*, No. 17-3974, 2018 WL 3031943, at *11 (D.N.J. June 19, 2018); *JHP Pharm., LLC v. Hospira, Inc.*, 52 F. Supp. 3d 992, 1004 (C.D. Cal. 2014) (collecting cases and holding that where the court "is not called upon to make determinations within the exclusive purview of [the] FDA authority," claims under the Lanham Act or equivalent state statutes are not barred); *Novo Nordisk A/S v. IV Harmony Clinic LLC*, No. 24-2292, ECF No. 18 at 6-8 (M.D. Fla. Apr. 16, 2025) (holding that Plaintiffs' claims were not precluded by the FDCA where the allegations "d[id] not require the [c]ourt to interpret or apply the FDCA to determine whether [defendant's] advertising of its semaglutide products was misleading or deceptive."); *Novo Nordisk A/S v. Horizon Health & Weight Loss LLC*, No. 25-45, ECF No. 12 at 8 (E.D. Ky. Oct. 16, 2025) (holding same); *Novo Nordisk A/S v. Rapid Weight Loss and Esthetics Ctr., Inc.*, No. 25-446, ECF No. 23 at 6-7 (D.S.C.

8

June 13, 2025) (holding same); *Novo Nordisk A/S v. Ambrose Med. LLC*, No. 24-11541, 2025 WL 2802975, at *3 (N.D. Ill. Sep. 30, 2025) (holding same).[8]

Here, Plaintiffs do not seek to litigate the safety or efficacy of Defendant's semaglutide products, nor do they "ask the Court to interpret the safety or legality of Defendant's drugs." *Horizon Health & Weight Loss LLC*, ECF No. 12 at 8. Rather, Plaintiffs' claims are premised on the allegation that Defendant falsely or misleadingly markets its semaglutide products as FDA-approved, when they are not. (*See* Compl. ¶¶ 5, 35-40.) Adjudicating the alleged falsity of Defendant's statements does not require the Court to "make determinations within the exclusive purview of FDA authority." *JHP Pharm.*, 52 F. Supp. 3d at 1004. Plaintiffs' claims are therefore not preempted by the FDCA, and Defendant's Motion to Dismiss on preemption grounds is denied.

C.   **Rule 12(b)(6)**

The Court next considers Defendant's arguments that Plaintiffs fail to state a claim upon which relief can be granted. (*See* Def.'s Moving Br. 5-11.)

### 1.   *False Advertising Under the Lanham Act (Count One)*

To state a claim for false advertising under the Lanham Act, a plaintiff must allege that: (1) "the defendant has made false or misleading statements as to his own product [or another's];" (2) "there is actual deception or at least a tendency to deceive a substantial portion of the intended audience;" (3) "that the deception is material in that it is likely to influence purchasing decisions;" (4) "that the advertised goods traveled in interstate commerce;" and (5) "that there is a

---

[8] The New Jersey Supreme Court has similarly analyzed the issue of preemption in the context of the FDA's approval of a prescription drug and found that preemption of state law claims "would be contrary" to the FDCA's intention to protect consumers because "it would leave plaintiffs without a remedy." *R.F. v. Abbott Lab'ys*, 745 A.2d 1174, 1193 (2000) (summarizing *Feldman v. Lederle Lab'ys*, 592 A.2d 1176 (1991)).

likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc." *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3d Cir. 2014).

A statement is actionable if it is either: "(1) literally false or (2) literally true or ambiguous, but has the tendency to deceive consumers." *Groupe SEB*, 774 F.3d at 198 (quotation omitted). "A literally false message may be either explicit or conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated." *Id.* (citation and internal quotation marks omitted). When the statements of fact at issue are literally false, actual deception is presumed, and a plaintiff is not required to plead that the consumer was misled. *Santana Prod., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005). Where a statement is not literally false, the Court must consider whether there is "actual deception or a tendency to deceive." *See Pernod Ricard USA, LLC v. Bacardi USA, Inc.*, 653 F.3d 241, 248 (3d Cir. 2011).

Here, Plaintiffs adequately plead the elements of a false advertising claim under the Lanham Act. Plaintiffs satisfy the first prong by alleging that Defendant's advertisements are literally false, because Defendant advertises selling "FDA-approved" medications, despite Defendant's semaglutide products not being FDA-approved.[9] (*See e.g.*, Compl. ¶¶ 35-36);

---

[9] Defendant also moves to dismiss Plaintiffs' false advertising claim on the ground that its statements are "factually true." (See Def.'s Opp'n Br. 9 (arguing that the statement "Semaglutide, under the brand name Wegovy, is FDA-approved" is "factually true").) In substance, Defendant asks the Court to resolve a factual dispute concerning the truthfulness of its advertising statements. At the motion to dismiss stage, however, "it is not appropriate to resolve [the issue of the truthfulness of the speech]" unless "a court can properly say that no reasonable person could be misled by the advertisement in question." *Swarovski Optik N. Am. Ltd. v. iBuy Grp. LLC*, No. 23-1210, 2024 WL 1142296, at *3 (D.N.J. Mar. 15, 2024) (citation omitted). Here, the Court cannot conclude that no reasonable person could have been misled by Defendant's advertisements. The Court, therefore, declines to resolve the veracity of Defendant's statements at this stage. *See id.* (declining to resolve the truthfulness of defendants' speech at the motion to dismiss stage where plaintiff alleged defendants' statements "were false and deceived, or at least tended to deceive, consumers").

*Ambrose Med. LLC*, 2025 WL 2802975, at *2 ("Here, Novo Nordisk has plausibly alleged that [defendant's] message to consumers is that its compound is FDA approved. That is a false statement, so Novo Nordisk has plausibly alleged that [defendant's] advertisement is a false statement."). Because Plaintiffs allege a literally false statement, Defendant's advertisements are presumed to have deceived consumers, and Plaintiffs' allegations satisfy the second prong of a false advertising claim. *See Pernod Ricard USA, LLC*, 653 F.3d at 248.

As to materiality, Plaintiffs plausibly allege that Defendant's advertisements are likely to influence purchasing decisions by misleading consumers into believing they are purchasing authentic Novo Nordisk medicines, or medicines that have been evaluated by the FDA, and deemed safe and effective. (Compl. ¶¶ 46-47.) Such allegations are sufficient to plead materiality at this stage. *See CareDx, Inc. v. Natera, Inc.*, No. 19-662, 2019 WL 7037799, at *11 (D. Del. Dec. 20, 2019) ("[C]ourts generally do not require that a plaintiff demonstrate an actual effect on purchasing decisions; rather, a 'likely' effect on consumer choice is sufficient."), *report and recommendation adopted*, No. 19-662, 2020 WL 401773 (D. Del. Jan. 24, 2020); *Telebrands Corp. v. Ragner Tech. Corp.*, No. 16-3474, 2019 WL 1468156, at *4 (D.N.J. Apr. 3, 2019) (finding that the plaintiff sufficiently pled materiality at the motion to dismiss stage where the court "[could not] say that [the] allegedly false advertisements touting a product's high strength would not influence purchase decisions" (citation omitted)).

As to the fourth element of a false advertising claim, Plaintiffs plausibly plead that Defendant's conduct affected interstate commerce by alleging that Defendant has posted its advertisements on social media and on its website. (Compl. ¶¶ 40-43); *see Hinton v. Sansom St., Inc.*, No. 20-1515, 2021 WL 1313107, at *5 (E.D. Pa. Apr. 7, 2021) (holding plaintiff plausibly alleged this element where defendants disseminated advertisements through Facebook, Twitter,

11

and Instagram because of "the very nature of the Internet which has potential to reach a worldwide audience" (citing *United States v. MacEwan*, 445 F.3d 237, 244-45 (3d Cir. 2006))). Finally, as the Court explained above, Plaintiffs adequately allege injury to their goodwill and reputation. *See, e.g.*, *Krupa v. Platinum Plus, LLC*, No. 16-3189, 2017 WL 1050222, at *4 (M.D. Fla. Mar. 20, 2017) (finding that the plaintiffs plausibly pled injury for a Lanham Act false advertising claim where the plaintiffs alleged damage to their respective brands, which in turn negatively affected future earning capacity); *Ambrose Med. LLC*, 2025 WL 2802975, at *2.[10] Accordingly, Defendant's Motion to Dismiss Count One is denied.

### 2. *Common Law Unfair Competition (Count Two) and Unfair Competition Under N.J. Stat. Ann. (Count Three)*

"'[U]nfair competition claims under New Jersey statutory and common law mirror unfair competition claims under § 43(a) of the Lanham Act'—the elements are the same." *Therabody, Inc. v. Dialectic Distrib. LLC*, No. 23-21995, 2024 WL 3355308, at *8 (D.N.J. July 10, 2024) (quotation omitted); *see also Meenaxi Enter., Inc. v. Shakti Grp. USA LLC*, No. 22-7383, 2023 WL 7181433, at *6 (D.N.J. Nov. 1, 2023) ("It is well established that the elements for an unfair competition claim under the New Jersey [u]nfair [c]ompetition [l]aw and the common law are identical to those under the Lanham Act.") Because Plaintiffs state a claim for unfair competition under the Lanham Act, they "also state[] a claim for unfair competition under New Jersey common law and N.J. Stat. Ann. § 56:4-1." *Therabody, Inc.*, 2024 WL 3355308, at *8. The Court, accordingly, denies Defendant's Motion to Dismiss as to Counts Two and Three.

---

[10] Because Plaintiffs have sufficiently pled a false advertising claim in violation of the Lanham Act, the Court also finds that Plaintiffs have alleged sufficient facts to support an unfair competition claim in violation of the same statute. *See NY Mach. Inc. v. Korean Cleaners Monthly*, No. 17-12269, 2018 WL 2455926, at *3 (D.N.J. May 31, 2018) (holding same); *see also id.* ("Unfair competition claims brought under § 43(a) of the Lanham Act generally follow the same analysis as false advertising claims."); *Lexmark Int'l*, 572 U.S. at 136 ("[T]he Lanham Act treats false advertising as a form of unfair competition[.]").

12

## IV. **CONCLUSION**

For the foregoing reasons, the Defendant's Motion to Dismiss is denied in its entirety. The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: January 28th, 2026